UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

January 13, 2010

Richard A. Robinson
J. Cory Falgowski
Kathleen A. Murphy
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19801

Counsel for Defendant MPC-G, LLC

James E. Huggett
Amy D. Brown
Margolis Edelstein
750 Shipyard Drive, Suite 102
Wilmington, DE 19801

Counsel to the Plaintiffs
DSS, Inc. and Complete Medical
Systems, Inc.

**Re: DSS, Inc. And Complete Medical Systems, Inc. v. MPC-G, LLC, Wells Fargo Bank, National Association, d/b/a Wells Fargo Business Credit, and John Does 1-20**
**Adv. Proc. No. 09-51001 (PJW)**

Dear Counsel:

This letter ruling is with respect to MPC-G, LLC's ("Defendant") motion to dismiss ("Motion") certain counts of the Complaint filed by DSS, Inc. and Complete Medical Systems, Inc. (collectively, "Plaintiffs"). I will grant the Motion.

The subject of the Complaint are funds in the sum of $272,602.93, which the Plaintiffs allege were transferred to the Defendant by its customers pursuant to a U.S. Federal Government program, the NASA Solutions for Enterprise-Wide Procurement (SEWP) IV. (Adv. Doc. # 1.)  The Plaintiffs further allege that they are entitled to these funds, and charge the Defendant with ten separate counts:

    (I) Imposition of a constructive trust;

    (II) A finding that the Debtor was a conduit;

    (III) A finding that the funds were earmarked for the benefit of the Plaintiffs;

    (IV) A finding that the funds were intended to "pass through" the Debtor for the benefit of the Plaintiffs;

    (V) Imposition of an equitable lien for the benefit of the Plaintiffs;

    (VI) Breach of contract;

    (VII) Improper and illegal dissipation of funds;

    (VIII) An accounting of funds;

    (IX) Indemnification or legal fees; and

    (X) A judgment that the funds were never property of the Debtor-Defendant's bankruptcy estate.

The Defendant filed a motion to dismiss counts I-V, VII, VIII, and X of the Complaint as duplicates of the constructive trust allegation. (Adv. Doc. #11.)  The Defendant also allege that certain of these counts are not recognized causes of action in the State of Idaho -- the law of which governs the transactions.  The

Plaintiffs filed a response in opposition to the Defendant's Motion, and the Defendant filed a reply brief in support of the Motion.

In my reading of the allegations, I find that count I of the Plaintiffs' Complaint is duplicated in counts II through V, VII, VIII, and X.  These duplicative counts– conduit, earmarking, pass-through funds, equitable lien, illegal dissipation of funds, request for accounting, and declaratory judgment that the funds were never property of the Defendant's estate– are all components of a constructive trust cause of action.  In the event this Court finds that an imposition of a constructive trust is warranted, it should not need to spend time re-establishing each component anew. To the extent Plaintiffs present sufficient evidence to support any of the dismissed causes of action as separate from the constructive trust cause of action, they will be afforded an opportunity to amend the Complaint without causing dismissal of the action or the allegations. See Fed. R. of Civ. Proc. 15(b)(1) and Simpson v. Simpson, 334 B.R. 298, 304 n.5 (Bankr. D. Mass. 2005) ("Though the complaint should be amended to reflect the Trustee's reliance on § 544(b)(1) and his allegation of a qualified unsecured creditor (and the Court will require that the complaint be so amended), the fact that these allegations do not yet appear in the Amended Complaint is not cause to disregard them.").

4

For the foregoing reasons, I am granting the Defendant's Motion and dismissing counts II through V, VII, VIII, and X of the Complaint.

                                          Very truly yours,

                                          Peter J. Walsh

PJW:ipm